Michael K. Friedland (SBN 157,217)
mfriedland@kmob.com
Paul N. Conover (SBN 192,358)
pconover@kmob.com
Ali S. Razai (SBN 246,922)
ali.razai@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiffs Oakley, Inc. and Eye Safety Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation; EYE SAFETY SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KH MOUNTAIN, a Hong Kong company,<br><br>Defendant. | Case No.<br><br>SACV 10-cv-01978 CJC (PLAx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST KH MOUNTAIN PURSUANT TO FED. R. CIV. P. 55(b)(2)<br><br>Honorable Judge Cormac Carney<br><br>HEARING<br>Date: September 12, 2011<br>Time: 1:30 pm<br>Crtrm: 9B |

On July 13, 2011, this Court entered default against Defendant KH Mountain ("KHM"). (Dkt. 16). Plaintiffs Oakley, Inc. ("Oakley") and Eye Safety Systems, Inc.'s ("ESS") (collectively, "Plaintiffs") Motion is made pursuant to Fed. R. Civ. P. 55, and is based upon the documents accompanying the Motion and all of the documents and evidence of record in this Civil Action. Plaintiffs submit the following Memorandum in support of its Motion.

## I. INTRODUCTION

Plaintiffs have asserted patent infringement, trademark infringement, counterfeiting and unfair competition causes of action against Defendant under both state and federal law, all of which are well-pled in the Complaint. (Dkt. 1). These claims arise under 35 U.S.C. § 271, 15 U.S.C. § 1114(1), and 15 U.S.C. §§ 1125(a) and 1125(c). Specifically, Plaintiffs have asserted infringement of U.S. Patent Nos. 6,047,410 ("the '410 patent") and D510,378 ("the D378 patent") and trademark infringement, counterfeiting, trademark dilution, unfair competition and false designation of origin arising from KHM's alleged infringement of Federal Trademark Registration Nos. 1,521,599, 1,356,297 ("Oakley Marks") and 2,449,579 ("ESS Mark"). Defendant has chosen not to answer the Complaint and is now in default. (Dkt. 16). Accordingly, Plaintiffs request that this Court enter default judgment against Defendant, with an award of attorneys' fees and a permanent injunction.

## II. DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT

The effect of a defendant's default and failure to answer a well-pled complaint is that the liability of the defendant is established. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

The well-pled allegations of Plaintiffs' Complaint are deemed admitted. The defendant "should not be given the opportunity to litigate what has already been considered admitted in law." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal.").

### III. OAKLEY SHOULD BE AWARDED A PERMANENT INJUNCTION

This Court should enter a permanent injunction against Defendant to prevent further patent infringement, trademark infringement, and acts of unfair competition. The Patent Act, under which Plaintiffs' causes of action for patent infringement arise allows a court to "grant injunctions in accordance with the principles of equity." 35 U.S.C. § 283. The Lanham Act, under which Plaintiffs' federal causes of action for trademark infringement, dilution and false designation of origin arise also provides that a court may "grant injunctions, according to the principles of equity." 15 U.S.C. § 1116(a).

Entry of a permanent injunction against Defendant is justified in view of the allegations in the Complaint, which are deemed admitted by Defendant's default. In the present case, Defendant has admitted by its default that "Defendant, through its agents, employees, and servants, has, and continues to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '410 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products which are covered by one or more claims of the '410

patent." (Compl. ¶ 23). The Defendant also admitted that "Plaintiffs have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law." (Compl. ¶ 26). In addition, the Defendant has admitted infringement of the D378 patent and due to these acts of infringement, Plaintiffs have suffered and continue to suffer irreparable harm. (Compl. ¶¶ 28, 31).

By its failure to answer Oakley's well-pled Complaint, Defendant has also conceded acts of trademark infringement, counterfeiting, trademark dilution and unfair competition. The Complaint states that "Defendant uses in commerce a reproduction, counterfeit, copy or colorable imitation of one or more of the Oakley Marks in connection with the sale, offering for sale, distribution or advertising of goods or services in a manner which is likely to cause confusion, or to cause mistake, or to deceive." (Compl. ¶ 35). The Complaint further states that, due to these actions, "Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law." (Compl. ¶ 39). By defaulting, the Defendant admitted the same acts of trademark infringement and counterfeiting of the ESS Mark and admitted that the acts have caused irreparable injury to ESS. (Compl. ¶¶ 57, 61).

In addition, by defaulting, Defendant has admitted that its "use of the Oakley Marks without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person in violation of 15 U.S.C. § 1125(a)." (Compl. ¶ 41). The Defendant has also admitted by defaulting that, due to such actions, "Oakley has suffered and continues to suffer great and

-3-

irreparable injury, for which Oakley has no adequate remedy at law." (Compl. ¶ 46). The Defendant has admitted the same acts of unfair competition by use of the ESS Mark and that such acts have caused irreparable injury to ESS. (Compl. ¶¶ 63, 68). By defaulting, Defendant has admitted that "Defendant's actions were done willfully with intent to exploit Oakley's reputation and dilute the Oakley Marks." (Compl. ¶ 51). In addition, "[d]ue to Defendant's actions, constituting trademark dilution, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law." (Compl. ¶ 53). The Defendant has admitted the same acts of trademark dilution of the ESS Mark and that such acts have caused irreparable injury to ESS. (Compl. ¶¶ 73, 75). Accordingly, Plaintiffs request that this Court enter the proposed permanent injunction.

### IV. <u>OAKLEY SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES</u>

The right of a prevailing party in patent litigation to seek attorneys' fees is established by 35 U.S.C. §285. Under that section, a court may award reasonable attorneys' fees to a prevailing party in an "exceptional case." 35 U.S.C. § 285. The Federal Circuit has held that the "[c]riteria for declaring a case exceptional include willful infringement, bad faith, litigation misconduct, and unprofessional behavior." *nCube Corp. v. SeaChange Int'l, Inc.,* 436 F.3d 1317, 1319 (Fed. Cir. 2006). As a result of Defendant's default, the allegation that Defendant willfully infringed the '410 patent and D378 patent is undisputed. (Compl. ¶¶ 23, 28). A case may also be deemed "exceptional" for purposes of assessing attorneys' fees where the defendant, as here, has failed to respond to the pleadings. *See Phillip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) ("a case may be deemed 'exceptional' and merit an award of attorneys' fees under the Lanham Act when Defendant disregards the proceedings and does not appear."); *see also Allergan, Inc. v.*

*Mira Life Group, Inc.*, 2004 WL 2734822, at *4 (C.D. Cal. 2004) ("a case may be deemed exceptional where the defendant disregards the proceedings and does not appear."). Because of Defendant's established willful infringement and bad faith, and failure to respond to the pleadings, this case is exceptional, and this Court should award Plaintiffs their reasonable attorneys' fees.

Federal trademark law also allows for the award of attorneys' fees. "[T]he court in exceptional cases may award reasonable attorney's fees to the prevailing party." 15 U.S.C. § 1117(a). A trademark case is exceptional where the court finds that the defendant's infringement is malicious, fraudulent, willful or deliberate. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). In a default judgment action, the factual allegations of a complaint are deemed to be true, and a district court may properly award attorneys' fees if the complaint alleged malicious, fraudulent, willful or deliberate infringement. *Derek Andrew*, 528 F.3d at 702. Here, Plaintiffs' Complaint contains numerous factual allegations regarding Defendant's malicious, fraudulent, willful and deliberate trademark infringement that are all now deemed admitted.

Particularly, in cases where the Defendant has used a counterfeit mark, courts are likely to award attorneys' fees. "In cases where a violation of section 32(1)(a), 15 U.S.C. § 1114(1)(a), consists of 'intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark,' the court shall grant the prevailing party a reasonable attorney's fee, unless it finds 'extenuating circumstances.'" *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999) (quoting *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620 (9th Cir. 1993)). Accordingly, this Court should find that this is exceptional case, entitling Plaintiffs to reasonable attorneys' fees. (Compl. ¶¶ 37, 44, 51, 59, 66, 73).

## V. CONCLUSION

Plaintiffs respectfully ask the Court to enter the Proposed Final Judgment against the Defendant, including a permanent injunction, and award Plaintiffs their reasonable attorneys' fees.[1]

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 9, 2011      By: /s/ Ali Razai
                               Michael K. Friedland
                               Paul N. Conover
                               Ali S. Razai
                           Attorneys for Plaintiffs Oakley, Inc. and Eye Safety Systems, Inc.

---

[1] As provided in Paragraph 6 of the [Proposed] Final Judgment filed herewith, Plaintiffs will submit a declaration to this Court setting forth the amount of their reasonable attorneys' fees within 10 days of entry of the Proposed Final Judgment by this Court.

<u>PROOF OF SERVICE</u>

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On August 9, 2011, I served the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST KH MOUNTAIN PURSUANT TO FED. R. CIV. P. 55(b)(2)** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA REGISTERED MAIL:**   KH Mountain
Unit N, 1st Floor,
Wai Cheung Industrial Centre,
No.5, Shek Pai Tau Road, Tuen Mun,
New Territories, Hong Kong

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 9, 2011 at Irvine, California.

/s/ Jeff T. Roche
Jeff T. Roche
Litigation Paralegal

11574962
071311

-7-